IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN FISCHMAN | : | CIVIL ACTION NO.: |
| *Plaintiff* | : | 3:24-cv-00325-SRU |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JP MORGAN CHASE BANK, N.A. | : | MAY 3, 2024 |
| *Defendant* | : | |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Plaintiff in the above captioned action hereby amends his complaint as a matter of right in response to Defendant's Motion to Dismiss filed on April 15, 2024, as follows:

**COUNT ONE: (Breach of Contract)**

1.     The plaintiff, Benjamin Fischman, is an individual and resident of West Hartford, Connecticut.

2.     The defendant, JP Morgan Chase Bank, N.A, is a corporation authorized to engage in the business of banking in Connecticut.

3.     In early 2022, after Mr. Fischman's mother passed away from COVID-19, Mr. Fischman came upon ten uncashed certificates of deposits ("CDs") that he purchased at Chemical Bank between December 1994 and June 1995 that had been stored in his parent's safety deposit box but never redeemed by Mr. Fischman.

4.     The terms of the ten CDs are as follows:

a)   A 18 month CD in the face amount of $10,000.00 and bearing interest at a rate of 6.4%, purchased on or about December 27, 1996, and assigned account number ending in ***08-19.

b)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 9, 1995, and assigned account number ending in ***29-19.

c)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 9, 1995, and assigned account number ending in ***10-19.

d)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 9, 1995, and assigned account number ending in ***37-19.

e)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 19, 1995, and assigned account number ending in ***69-19.

f)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 19, 1995, and assigned account number ending in ***50-19.

g)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 19, 1995, and assigned account number ending in ***42-19.

h)   A 12 month CD in the face amount of $10,000.00 and bearing interest at 5%, purchased on or about June 19, 1995, and assigned account number ending in ***77-19.

i)   A 18 month CD in the face amount of $10,000.00 and bearing interest at 6.4%, purchased on or about December 27, 1994, and assigned account number ending in ***96-19.

j)   A 18 month CD in the face amount of $10,000.00 and bearing interest at 6.4%, purchased on or about December 27, 1994, and assigned account number ending in ***16-19.

5. Each of the CDs identified above constitute a contract which contained a renewal and reinvestment clause directing Chemical Bank to, at the maturity of each of the CDs, renew each CD upon the same terms and reinvest the principal and interest earned thereon into the renewed CD until such time that the CDs are redeemed and payment of the amounts accrued is demanded.

6. Accordingly, as of the date hereof, the total amount of principal due and owing to Mr. Fischman under the terms of the CDs described above is $440,644.60 (the "Funds").

7. The plaintiff, Mr. Fischman, is the owner, named beneficiary, and holder of the CDs identified above.

8. In or about March 1996, Chemical Bank merged with Chase Manhattan Corporation via a stock merger with the surviving (i.e. merged) entity being called Chase Manhattan Corporation ("Chase"), and, as a result of the merger, the assets and liabilities of Chemical Bank were assumed by Chase. At the time of said merger, Mr. Fischman had not cashed any of the CDs identified above, and therefore, the CDs were assets and/or liabilities of Chemical Bank that Chase assumed as result of said merger.

9. In or about December 2000, Chase merged with J.P. Morgan via a stock merger with the surviving (i.e. merged) entity being known as J.P. Morgan Chase Bank, the defendant in this matter, and, as a result of such merger, the assets and liabilities of Chase were assumed by the Defendant. At the time of said merger, Mr. Fischman had not cashed any of the CDs identified above, and therefore, the CDs were assets and/or liabilities of Chase that were assumed by the Defendant, J.P. Morgan Chase Bank, N.A., as result of said merger.

10. As a result of the mergers described above, the defendant, JP Morgan Chase Bank, N.A., is the ultimate successor in interest to Chemical Bank and legally bound to honor the terms

of the CDs, including paying the amount of principal and interest owed to Mr. Fischman at the time Mr. Fischman demands payment of the same.

11. In 2022, Mr. Fischman attempted to cash the CDs at the JP Morgan Chase Bank branch in West Hartford, Connecticut.

12. At the time Mr. Fischman attempted to redeem the CDs in 2022, Mr. Fischman had not previously redeemed the CDs and therefore had not been paid the amounts owed to him under the terms of the CDs.

13. However, the defendant refused to honor the CDs and pay the amounts due to Mr. Fischman under the terms thereof because the defendant claimed it could not find any records of CDs because they were over seven (7) years old and directed Mr. Fischman to contact the defendant's unclaimed property customer support line.

14. The defendant's unclaimed property department represented to Mr. Fischman that Chase no longer possessed any records of the uncashed CDs because they were over seven (7) years old and therefore the defendant may have turned over Mr. Fischman's funds to the state New York, state of Connecticut, or the Federal Deposit Insurance Corporation (FDIC) pursuant to state escheatment law. Accordingly, the defendant directed Mr. Fischman to make a claim for payment of the CDs with the FDIC, the state of New York and the state of Connecticut.

15. At the direction of the Defendant, Mr. Fischman contacted the FDIC, the State of New York and the State of Connecticut to ascertain whether the Defendant (or any of its predecessors-in-interest) turned over (i.e. escheated) the Funds to any of the respective entities.

16. The FDIC, the State of New York and State of Connecticut each confirmed that the Funds were never turned over by the Defendant (or any of its predecessors-in-interest) to the aforementioned entities pursuant to state escheatment laws.

17. On or about January 11, 2024, the Plaintiff made written demand to the Defendant to pay the Funds owed to Mr. Fischman pursuant to the terms of the CDs.

18. Despite demand, the Defendant has failed, refused and/or neglected to pay the Funds to the Plaintiff.

19. The Defendant's refusal to honor the CDs and pay Mr. Fischman the Funds pursuant to the terms of the CDs, constitutes a breach of the contract.

20. As a result of Defendant's breach of contract described above, the Plaintiff has suffered monetary damages in the amount of Funds described in Paragraph 6 and continues to suffer damages in the amount of the principal and interest that continues to accrue pursuant to the terms of the CDs.

**COUNT TWO: (Unjust Enrichment)**

1-18. Paragraphs 1 through 18 of Count One are incorporated by reference as Paragraphs 1 through 18 of Count Two.

19. Because Mr. Fischman has not redeemed any of the CDs identified above and the Defendant (or any of its predecessors in interest) did not turn over (i.e. escheat) the Funds to the State of New York or Connecticut, the Funds could only be in possession custody and control of the Defendant.

20. By refusing to honor the CDs and pay the Plaintiff the Funds owed to him pursuant to their terms, the Defendant has unjustly retained the Funds for its own use and benefit to the detriment of the Plaintiff.

21. Consequently, the Defendant has been unjustly enriched to the detriment of the Plaintiff.

22. As a result of the foregoing, the Plaintiff has suffered monetary damages in the amount of the Funds described in Paragraph 6 above, and continues to suffer damages because the principal and interest owed to the Plaintiff continues to accrue pursuant to the terms of the CDs.

**COUNT THREE: (Breach of the Covenant of Good Faith and Fair Dealing)**

1-19. Paragraphs 1 through 19 of Count One are incorporated by reference as Paragraphs 1 through 19 of Count Three.

20. Upon information and belief, the Defendant is able to retrieve records of accounts, including the Plaintiff's CDs, that are over seven years old.

21. Therefore, the Defendant's refusal to honor the CDs based upon the representation that it could not find any records of CDs because they were over seven (7) years old, was asserted in bad faith and as a pretext for not paying the amounts owed to the Plaintiff under the terms of the CDs.

22. The Defendants actions described above constitute a breach of the covenant of good faith and fair dealing implied in every contact.

23. As a result of the Defendant's actions described above, the Plaintiff has suffered monetary damages in the amount of the Funds described in Paragraph 6 and continues to suffer

damages in the amount of the principal and interest that continues to accrue pursuant to the terms of the CDs.

**COUNT FOUR: (Conversion)**

1-19. Paragraphs 1 through 19 of Count Two are incorporated by reference as Paragraphs 1 through 19 of Count Four.

20. By refusing to pay to the Plaintiff the Funds when the Plaintiff attempted to redeem the CDs as described above, the Defendant has assumed and exercised ownership over the Funds that rightfully belong to the Plaintiff, without authorization of the Plaintiff and to his exclusion.

21. As a further result of the foregoing, the Plaintiff has suffered monetary damages in the amount of the Funds described in Paragraph 6 and continues to suffer damages in the amount of the principal and interest that continues to accrue pursuant to the terms of the CDs.

WHEREFORE, the claimant prays for the following relief:

1. Monetary damages;

2. Attorney's Fees per Count Three;

4. Costs;

5. Such other relief as equity may pertain.

 

THE PLAINTIFF
BENJAMIN FISCHMAN

By:   /s/ Matthew S Carlone
Matthew S. Carlone
Terk & Carlone, LLC
81 Wolcott Hill Road
Wethersfield, CT 06109
Juris No. 432761
Fed. Bar No. CT9094
MCarlone@Terkcarlone.com

## **CERTIFICATION**

       The undersigned certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

                                                By:_____/s/_____
                                                        Matthew S. Carlone
                                                        Terk & Carlone, LLC
                                                       81 Wolcott Hill Road
                                                      Wethersfield, CT 06109
                                                      Fed. Bar No. CT9094
                                                      Juris No. 432761
                                                      MCarlone@Terkcarlone.com